UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RYAN RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-CV-0007-CVE-CDL |
| | ) | |
| SOLID ROCK REALTORS, GREG KEIRSEY, FAKE BUYER, and CHAD HOPPING, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the court is plaintiff's complaint (Dkt. # 2). Plaintiff Ryan Russell, proceeding pro se, has filed this case alleging that defendants engaged in a fraudulent real estate transaction. Dkt. # 2, at 1. Plaintiff claims that he entered a contract with a real estate broker, Solid Rock Realtors, to sell certain real property that he owned, but he alleges that the broker placed the property under contract for sale with a fake buyer. Id. at 2. Chad Hopping, the real estate agent, allegedly asked a friend to pose as a fake buyer and, on the day of closing, the buyer failed to appear and the transaction did not occur. Id. Plaintiff alleges claims of breach of contract, breach of fiduciary duty, fraud, civil conspiracy, and tortious interference with contract. Id. at 3-4. Plaintiff states that the Court has federal question jurisdiction over this case. The complaint alleges that plaintiff is a citizen of Oklahoma, but the complaint fails to include any allegations concerning the citizenship of the defendants or the amount in controversy. Id. at 1.

Federal courts are courts of limited jurisdiction and lack the power to hear any case that is beyond their subject-matter jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (defining federal subject-

matter jurisdiction as "the courts' statutory or constitutional power to adjudicate the case"). The party invoking federal jurisdiction bears the burden of "alleg[ing] facts demonstrating the appropriateness of invoking judicial resolution of the dispute." New Mexicans for Bill Richardson v. Gonzalez, 64 F.3d 1495, 1499 (10th Cir. 1995) (citing Renne v. Geary, 501 U.S. 312, 317 (1991)); McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936). Even if a party has not raised the issue of jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). A court may raise the issue of subject-matter jurisdiction sua sponte and at any stage of litigation. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006); Tafoya v. U.S. Dep't of Just., 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties."). Under Federal Rule of Civil Procedure 12(h)(3), if a court raises the issue of subject-matter jurisdiction and finds that it lacks jurisdiction, it must dismiss the case.

In cases where the proponent of federal subject-matter jurisdiction is proceeding pro se, as plaintiff is here, a court must hold that litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court is in no position to " supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.

1997). Put differently, this liberal standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court has reviewed plaintiff's complaint (Dkt. # 2) and finds no basis to exercise jurisdiction over this case. Plaintiff states that the Court has federal question jurisdiction, but he does not assert any claim arising under federal law. Plaintiff alleges only state law tort and breach of contract claims, and the Court can find no allegations in the complaint suggesting that plaintiff intends to assert a claim arising under federal law. Therefore, the Court cannot exercise federal question jurisdiction over this case. Likewise, plaintiff fails to allege that complete diversity exists among the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Plaintiff does state that he is a citizen of Oklahoma. Dkt. # 2, at 1. However, he makes no mention of defendants' citizenship, nor does he allege that he is seeking relief in excess of the minimum required amount in controversy. Plaintiff has not alleged that the parties are completely diverse or that the amount in controversy requirement is satisfied, and the Court lacks diversity jurisdiction over this case. Plaintiff has not alleged any basis for the Court to exercise subject-matter jurisdiction over this case, and this case is dismissed for lack of subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 9th day of January, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE